# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Joseph Randall Chaput § | |
| § | |
| vs. § | Civil Action No. 2:14-CV-332 |
| § | |
| William Avery Griffin § | |

## WAIVER OF NOTICE

Our client, **Joshua Weems**, has commissioned U.S. Legal Support Inc. to obtain records on **Joseph Chaput** from the following custodian for use in the above referenced case.

IF COPIES ARE DESIRED, PLEASE INDICATE BELOW BY MARKING Y OR N.  Original records will be held inhouse for 30 days. Copies may not be available after that time. 60562

[ ] 1   AMTRUST NORTH AMERICA (Insurance)

I agree that I and/or my firm will be responsible for payment of the copies of records ordered on this waiver. I acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in _____ County, Texas. NOTE: The charge for each record will be $45 and .55 per page. The charge for X-rays is $15 per film.

_____    I DO AGREE TO WAIVE THE NOTICE PERIOD.
_____    I DO NOT AGREE TO WAIVE THE NOTICE PERIOD.

Dated: October 13, 2014

                                                        _____
                                                        Signed

                                                        Alan J. Robertson
                                                        Sloan, Bagley, Hatcher & Perry Law Firm
                                                        101 East Whaley Street
                                                        Suite 2909
                                                        Longview, TX 75606  903-757-7000 Fax 903-757-7574
                                                        Attorney for Joseph Randall Chaput
                                                        SBA #

Please return via fax to your local U.S. Legal Office:
Corpus Christi • Fax (361) 888-6550                     Dallas • Fax (214) 741-6821
Houston • Fax (713) 653-7171                            San Antonio • Fax (210) 734-3426

NOTE: RETURN OF THIS FORM IS REQUIRED WITHIN FOURTEEN (14) DAYS TO PROCESS YOUR REQUEST. ANY CANCELLATION OF THE ABOVE MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.

Order No.: 60562                          **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Joseph Randall Chaput | § § § | |
| vs. | § § | Civil Action No. 2:14-CV-332 |
| William Avery Griffin | § § § | |

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff(s) by and through their attorney(s) of record: **Alan J. Robertson (Sloan, Bagley, Hatcher & Perry Law Firm).** To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a Deposition by Written Questions will be taken of Custodian of Records at their address listed below:

**1 - AMTRUST NORTH AMERICA (Insurance)**
   **12790 MERIT DRIVE, DALLAS, TX 75251**

Before a Notary Public for:

>      U.S. Legal Support Inc.
>      5910 North Central Expressway, Suite 100
>      Dallas, TX 75206
>      Phone: 800-567-8757;  Fax: 214-741-6821

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to bring and produce for inspection and photocopying a true and correct copy of records described in the attached Written Questions, and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

>      Joshua Weems
>      Law Office of Cherie K. Batsel
>      1201 Main Street
>      Suite 2424
>      Dallas, TX 75202
>      Phone: 214-210-0318  Fax: 214-210-0324
>      Attorney for Defendant(s): William Avery Griffin
>      SBA # 24051502
>
>      _Joshua Weems by JB_ (signature)
>      Joshua Weems

## EXHIBIT A

Order No.: 60562 (RaNell Wortham)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by ___hand delivery; ✔ fax; ___certified mail, return receipt requested; ___ UPS.

Dated: 10/13/14

By Permission: *Jennifer Burns*
Joshua Weems

Should you desire copies of the so obtained, contact our firm.
800-567-8757

Order No.: 60562 (RaNell Wortham)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Joseph Randall Chaput | § § § |
| vs. | § § § Civil Action No. 2:14-CV-332 |
| William Avery Griffin | § § |

### ATTORNEYS OF RECORD:

Alan J. Robertson
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
Suite 2909
Longview, TX 75606
Phone: 903-757-7000   Fax: 903-757-7574
Attorney for Plaintiff(s): Joseph Randall Chaput


Joshua Weems
Law Office of Cherie K. Batsel
1201 Main Street
Suite 2424
Dallas, TX 75202
Phone: 214-210-0318   Fax: 214-210-0324
Attorney for Defendant(s): William Avery Griffin

Order No.: 60562                    **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Joseph Randall Chaput | § | |
| | § | |
| vs. | § | Civil Action No. 2:14-CV-332 |
| | § | |
| William Avery Griffin | § | |

**DIRECT QUESTIONS TO BE PROPOUNDED TO**
**CUSTODIAN OF RECORDS FOR:**

**AMTRUST NORTH AMERICA (Insurance)**

1. Please state your full name, address, telephone number, occupation and official title.
   ANSWER _____
2. I am the custodian for _____
   (Please insert facility or practitioner name.)
3. Have you been served with a subpoena duces tecum for the production of those documents listed in question number four?
   ANSWER _____
4. Are you among those who have possession, custody, control of, or access to any and all insurance records, medical records, claim records, workers compensation records and/or claims, lost wage records and/or records relating to days absent, including any and all records and/or documents contained in your office(s) pertaining to Joseph Chaput; D.O.B. 09/07/1957; Date of Accident: 10/30/2012; Claim Number: Tech-15405-2012?
   ANSWER _____
5. Were the aforementioned records made in the regular course of business of your employer?
   ANSWER _____
6. Was it in the regular course of business of the above listed for a person with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record?
   ANSWER _____
7. State whether these records were made at the time or shortly after the time of the transactions recorded?
   ANSWER _____
8. Were these records kept as described in the preceding questions?
   ANSWER _____
9. Does the source of the information, and the method and circumstance of its preparation, establish the trustworthiness of the records?
   ANSWER _____
10. Please release exact duplicates of the records as requested in the subpoena duces tecum or the originals thereof for photocopying for attachment to this deposition. Have you done as requested? If not, why not?
    ANSWER _____
11. Are there any records, documents, papers, correspondence or tangible matters of any kind pertaining to Joseph Chaput that you have not provided to the notary public taking your deposition?
    ANSWER _____
12. Please describe all papers, documents, records, correspondence, or tangible matters of any kind that you have not provided to the notary public taking your deposition and explain why you have not provided them.
    ANSWER _____

# EXHIBIT A

13. Are you aware that it may be necessary to subpoena you or your employer to court at the time of the trial of this case, if you have not provided to the notary public taking your deposition all papers, documents, records, correspondence, or tangible matters of any kind pertaining to Joseph Chaput?
ANSWER _____
_____

_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____
_____, custodian of records for the above listed, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____,
20_____.

_____
NOTARY PUBLIC

**EXHIBIT A**

Oct. 13. 2014 4:42PM No. 9632 P. 8

AO 888 (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page3)Order No.: 60562.001

Case 3:14-mc-00131-G-BN   Document 1-1   Filed 10/28/14   Page 7 of 9   PageID 12

# United States District Court
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| Joseph Randall Chaput ) | Civil Action No: 2:14-CV-332 |
| ) | |
| vs. ) | CASE PENDING IN THE UNITED STATES DISTRICT COURT |
| ) | FOR THE EASTERN DISTRICT OF TEXAS |
| ) | MARSHALL DIVISION |
| William Avery Griffin ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  Custodian of Records for:  AMTRUST NORTH AMERICA
12790 MERIT DRIVE, DALLAS, TX, 75251

__x__ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
any and all insurance records, medical records, claim records, workers compensation records and/or claims, lost wage records and/or records relating to days absent, including any and all records and/or documents contained in your office(s) pertaining to Joseph Chaput; D.O.B. 09/07/1957; Date of Accident: 10/30/2012; Claim Number: Tech-15405-2012

| PLACE: AMTRUST NORTH AMERICA 12790 MERIT DRIVE DALLAS, TX 75251 | DATE AND TIME INSTANTER |
|---|---|

____ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/13/14

CLERK OF COURT

_____           OR         Joshua Weems by JB
(Signature of Clerk or Deputy Clerk)                          (Attorney's signature)

The name, address, e-mail address, and telephone number of the attorney representing the **Defendant**, who issues or requests this subpoena, are:
Joshua Weems
Law Office of Cherie K. Batsel
1201 Main Street
Suite 2424, Dallas, TX 75202
Phone: 214-210-0318 / Fax: 214-210-0324

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in the case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

Oct. 13. 2014 4:42PM  No. 9632 P. 9
Ac........................nents, Information, or Objections or to Permit Inspection of Premi in a Civil Actionses (Page 2) 60562.001
Civil Action Case 3:14-mc-00131-G-BN   Document 1-1   Filed 10/28/14   Page 8 of 9   PageID 13

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this is subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____ on

*(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT A

Oct. 13. 2014 4:42PM No. 9632 P. 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

Case 3:14-mc-00131-G-BN Document 1-1 Filed 10/28/14 Page 9 of 9 PageID 14

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g), (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at ta place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply behond the geographical limits specified in Rule 45(c) here that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state wherial  for the district where compliance is required may, on motion, quires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may none the less order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required-and also, after a motion is transferred, the issing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. R. 45(a) Committee Note (2013).

**EXHIBIT A**