IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH RANDEL CHAPUT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-mc-131-G-BN |
| | § | |
| WILLIAM AVERY GRIFFIN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER ON MOTION TO QUASH**

On October 28, 2014, Plaintiff Joseph Randall Chaput filed a Motion to Quash Defendant William Avery Griffin's Subpoena and Deposition on Written Questions, *see* Dkt. No. 1, which Senior Judge A. Joe Fish has referred to the undersigned United States magistrate judge for determination, *see* Dkt. No. 2.

As of November 19, 2014, Defendant had not yet filed a response, so the Court issued an order advising that, if Defendant did not file a response by December 1, 2014, the Court will determine Plaintiff's motion without a response. *See* Dkt. No. 3. Two weeks after this extended response deadline, Defendant has made no filing in this Court.

Having considered the motion without the benefit of a response by Defendant in support of his subpoena, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Quash Defendant William Avery Griffin's Subpoena and Deposition on Written Questions [Dkt. No. 1] for the reasons explained below.

-1-

**Background**

According to Plaintiff's motion, Plaintiff filed the underlying lawsuit, *Joseph Randall Chaput v. William Avery Griffin*, Civ. A. No. 2:14-cv-332 (E.D. Tex.), in the United States District Court for the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. § 1332(a). *See* Dkt. No. 1 at 1. Plaintiff reports that, in that suit, he complains that Defendant failed to yield the right of way at a stop sign in Gilmer, Texas, caused a motor vehicle collision, and caused Plaintiff's personal injuries and resulting damages. *See id.*

On October 14, 2014, Defendant's counsel served on Plaintiff a Notice of Intention to Take Deposition by Written Questions, where the written questions attempt to prove up as business records documents responsive to a subpoena duces tecum served on AmTrust North America, the worker's compensation for Plaintiff's employer when the motor vehicle collision made the basis of this lawsuit occurred. *See id.* at 1-2; Dkt. No. 1-1. Defendant's subpoena demands that AmTrust produce for inspection and copying "any and all insurance records, medical records, claim records, worker[']s compensation records and/or claims, lost wage records, and/or records relating to days absent, including any and all records and/or documents contained in your office(s) pertaining to Joseph Chaput; D.O.B. []; Date of Accident: 10/30/2012; Claim Number: Tech-15405-2012." Dkt. No. 1 at 2; Dkt. No. 1-1 at 7 of 9.

In his motion to quash filed 14 days after service of notice of the subpoena, Plaintiff asserts that the "subpoena goes far beyond the permissible scope of discovery, unnecessarily duplicates discovery that has already been completed, seeks information

regarding collateral sources that will be inadmissible at trial, and invades what remains of Chaput's physician-patient privileged information," Dkt. No. 1 at 2, and requests that the Court "completely quash Defendant's subpoena and notice of deposition on written questions," *id.* at 4.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 45, a court must, on a timely motion, quash or modify a subpoena if it (1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden. *See* FED. R. CIV. P. 45(c)(3)(A)(i)-(iv). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

The moving party has the burden of proof and must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998). The moving party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005). Whether a burdensome subpoena is reasonable or undue must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation, and the Court considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents;

(3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *See Wiwa*, 392 F.3d at 818. But the Court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.*

A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Rule 45(c)(3) if he has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Ass'n of Am. Physicians & Surgs., Inc. v. Tex. Med. Bd.*, No. 5:07CV191, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008). Plaintiff challenges the subpoena seeking production of insurance records, medical records, claim records, worker's compensation records or claims, lost wage records, or records relating to days absent pertaining to Plaintiff himself. The Court finds that these circumstances demonstrate a sufficient interest by Plaintiff in the documents and records that Defendant's subpoena requests to generally establish Plaintiff's standing to bring his motion.

Plaintiff's motion to quash asserts that Defendant's subpoena is facially overbroad and therefore poses an undue burden for several reasons:

> 1. Griffin's subpoena is unlimited in time and scope, which exposes AmTrust to producing every document regarding Chaput, regardless of whether the document is relevant to the underlying lawsuit or is reasonably calculated to lead to the discovery of admissible evidence. Permitting the subpoena to proceed as written would require AmTrust to produce documents regarding all claims made by or on behalf of Chaput, **even if the claim is in no way associated with the injuries Chaput claims in the underlying suit**.

   2. Because Griffin's subpoena is unlimited in time and scope, all medical records in the possession of the worker's compensation carrier are responsive. All records **other** than those regarding the injuries caused by the subject incident or similar injuries are protected by the physician-patient privilege and have not been waived by the patient-litigant exception.

   3. Griffin's subpoena seeks information regarding collateral source payments made to Chaput by his employer's worker's compensation carrier. The existence and amount of any such payments will be inadmissible at the trial of the underlying suit. The discovery of the existence and the amount of worker's compensation benefits paid to Chaput, *even if for a claim arising from the subject incident*, are not reasonably calculated to lead to the discovery of admissible evidence.

   4. Griffin's subpoena necessarily includes within the documents that it demands from AmTrust everything within the AmTrust adjuster's file(s) regarding Chaput. This would include, without limitation, the adjuster's notes and other documents created by or on behalf of the adjuster.

   5. Griffin's subpoena unnecessarily duplicates discovery that has already been conducted in the underlying lawsuit. On its face, Griffin's subpoena demands that AmTrust produce all medical records in AmTrust's regarding Chaput. Pursuant to the strict disclosure requirements of the Marshall Division of the Eastern District of Texas, all medical records and medical billing (and other documents) relevant to this matter have already been produced.

Dkt. No. 1 at 2-3 (emphasis in original). Plaintiff contends that, "[i]n short, there is no class of documents responsive to Griffin's subpoena that is not privileged and is either itself relevant to the underlying lawsuit or is reasonably calculated to lead to the discovery of admissible evidence" and that "AmTrust cannot be required to produce and Chaput's counsel be forced to review every shred of documentation from any time in AmTrust's possession that in any way relates to Chaput," where "[s]uch a procedure would relieve Griffin's counsel of the burden of crafting a discovery request reasonably calculated to lead to the discovery of admissible evidence and place on AmTrust's and

Chaput's counsel the undue burden of producing and/or reviewing piles of documents that are wholly outside the scope of permissible discovery." *Id.* at 3-4.

Defendant has not appeared to defend his subpoena, but, as explained above, Plaintiff bears the burden of establishing the bases on which he asserts that the subpoena should be completely quashed. Further, at least as a general matter, "it would be difficult, if not impossible, for [Plaintiff] to offer evidentiary proof of the time and expense involved for the non-part[y AmTrust] to respond to the discovery requests, and [Plaintiff has] not done so." *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 772859 (N.D. Tex. Feb. 27, 2014). But Plaintiff relies on asserts of facial overbreadth, which may not require evidentiary support.

As to Plaintiff's first objection, the Court finds the subpoena to be facially overbroad insofar as it seeks records or documents from AmTrust related to claims made by or on behalf of Plaintiff that are not associated with the injuries caused by the incident at issue, and claimed by Plaintiff, in the underlying lawsuit or similar injuries. The Court finds that discovery of documents regarding any such claims is not reasonably calculated to lead to the discovery of admissible evidence, and the Court will therefore modify the subpoena to limit AmTrust's obligation to producing records related to claims made by or on behalf of Plaintiff that are associated with the injuries caused by the incident at issue, and claimed by Plaintiff, in the underlying lawsuit or with similar injuries. If AmTrust remains uncertain whether this limitation applies to particular claim records, AmTrust, Plaintiff's counsel, and Defendant's counsel must

confer in good faith to reach agreement on this issue before seeking the Court's further intervention.

The Court similarly finds Plaintiff's second objection to be well-taken insofar as the subpoena is facially overbroad in seeking – in the face of the physician-patient privilege – Plaintiff's medical records other than those regarding the injuries caused by the incident at issue in the underlying lawsuit or similar injuries. The Court finds that discovery of any such medical records is not reasonably calculated to lead to the discovery of admissible evidence, and the Court will therefore modify the subpoena to limit AmTrust's obligation to producing medical records regarding the injuries caused by the incident at issue in the underlying lawsuit or similar injuries. If AmTrust remains uncertain whether this limitation applies to particular medical records, AmTrust, Plaintiff's counsel, and Defendant's counsel, again, must confer in good faith to reach agreement on this issue before seeking the Court's further intervention.

Plaintiff's third objection asserts that the collateral source rule makes any payments made to Plaintiff by his employer's worker's compensation carrier nondiscoverable under Federal Rule of Civil Procedure 26(b), but Plaintiff's motion provides no legal analysis or citation to authority for this position. Nevertheless, Plaintiff appears to be correct that, unlike evidence of payments made by AmTrust on Plaintiff's behalf, payments directly to Plaintiff by AmTrust appear to be neither admissible nor reasonably calculated to lead to the discovery of admissible evidence of Plaintiff's recoverable medical or health care expenses. *See generally Structural Metals, Inc. v. S & C Elec. Co.*, No. 13-50332, ___ F. App'x ___, 2014 WL 4977358, at *3 (5th

Cir. Oct. 6, 2014); *Haygood v. De Escabedo*, 356 S.W.3d 390, 394-95 (Tex. 2011); *Big Bird Tree Servs. v. Gallegos*, 365 S.W.3d 173, 176-77 (Tex. App. – Dallas 2012, pet. denied); *cf. Stewart v. Am. Family Mut. Ins. Co.*, Civ. A. No. 06-09884, 2008 WL 440331, at *2-*6 (E.D. La. Feb. 12, 2008) (analysis applying Louisiana law on collateral source rule). The Court will therefore modify the subpoena to exclude from its scope information regarding payments made to Plaintiff by his employer's worker's compensation carrier.

As to Plaintiff's fourth objection, Plaintiff does not appear to have standing to raise any objection to AmTrust's producing its adjuster's notes or other documents created by or on behalf of its adjuster. If a privilege or other ground for nondisclosure exists as to such an adjuster's work product, Plaintiff has not explained how Plaintiff, as opposed to AmTrust, has standing to raise it or, even if standing were not a problem, what the privilege or protection is and how it applies here. *See In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."). The Court will not, on this motion, quash or modify Defendant's subpoena based on this objection.

As to Plaintiff's fifth objection, the Court finds that Plaintiff does not have standing to complain that production of medical records by AmTrust may be duplicative of what Plaintiff has already produced. But Federal Rule of Civil Procedure 26(b)(2)(C)(i) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or

can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C). Based on Rule 26(b)(2)(C)(i), even without a motion by AmTrust, the Court finds that AmTrust "need not duplicate productions made by" Plaintiff, and therefore the Court will modify the scope of the subpoena to provide that AmTrust "not need to produce the identical [medical records] produced by" Plaintiff. *MacLean v. McCarroll*, No. 4:08-cv-059, 2009 WL 1586680, at *2 (E.D. Tex. June 5, 2009).

The Court otherwise finds no basis to completely quash, as Plaintiff requests, Defendant's subpoena seeking production by AmTrust for inspection and copying of "any and all insurance records, medical records, claim records, worker[']s compensation records and/or claims, lost wage records, and/or records relating to days absent, including any and all records and/or documents contained in your office(s) pertaining to Joseph Chaput; D.O.B. []; Date of Accident: 10/30/2012; Claim Number: Tech-15405-2012." Dkt. No. 1 at 2; Dkt. No. 1-1 at 7 of 9. Except as explained above, Plaintiff either lacks standing to assert or has failed to adequately explain and support – as is his burden – his objections to the scope and breadth of the requested documents and records. The United States Court of Appeals for the Fifth Circuit has made clear that "[g]enerally, modification of a subpoena is preferable to quashing it outright,"

*Wiwa*, 392 F.3d at 818, and the Court cannot agree that, with the ordered modifications, "there is no class of documents responsive to Griffin's subpoena that is not privileged and is either itself relevant to the underlying lawsuit or is reasonably calculated to lead to the discovery of admissible evidence," Dkt. No. 1 at 3.

## Conclusion

The Court GRANTS in part and DENIES in part Plaintiff's Motion to Quash Defendant William Avery Griffin's Subpoena and Deposition on Written Questions [Dkt. No. 1] and ORDERS that Defendant's subpoena and notice of deposition on written questions served on AmTrust North America is modified insofar as AmTrust is not required to produce any medical records already produced to Defendant by Plaintiff or any information regarding payments made to Plaintiff by his employer's worker's compensation carrier and insofar as AmTrust is only obligated to produce records related to claims made by or on behalf of Plaintiff that are associated with the injuries caused by the incident at issue, and claimed by Plaintiff, in the underlying lawsuit or with similar injuries and, subject to the other limitations imposed above, to produce medical records regarding the injuries caused by the incident at issue in the underlying lawsuit or similar injuries.

SO ORDERED.

DATED: December 16, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE